UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY A. BAUSMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-00880-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF No. 1) |

Plaintiff Barry A. Bausman is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c)(1), Plaintiff has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

Plaintiff filed the instant petition for writ of habeas corpus on May 30, 2012.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff's claims against the named defendants arise out of his disciplinary rules violation of June 30, 2011.  On June 30, 2011, Plaintiff contends he was attacked by his cellmate inmate Miller, which resulted in Plaintiff receiving a CDC 115 Rules Violation Report for fighting.  As a result of the rules violation, Plaintiff was assessed a credit forfeiture of ninety days.  Plaintiff names several defendants in his complaint and contends that the rules violation report is not supported by sufficient evidence and the California Department of Corrections and Rehabilitation ("CDCR") has an underground/unwritten policy that allows officers to "cherry pick" and coach facts to "damn" an inmate in a 115 disciplinary hearing.  As a result of the rules violation, Plaintiff credit of 90 days was lost.

///

Plaintiff requests to have the rules violation report reversed and/or dismissed, CDCR be required to institute clear and improved guidelines, one's past behavior be taken into consideration in the absence of an eyewitness to the incident, and CDCR be ordered to cease and desist with the underground/unwritten policy that requires an inmate to allow himself to be attacked in order to avoid being issued a rules violation report for fighting.

### III.
### DISCUSSION

#### A.    Section 1983 Relief is Barred by Disciplinary Conviction

Plaintiff's section 1983 claim challenging the disciplinary proceedings is barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997).  A state prisoner's section 1983 complaint is not cognizable if success on the claim would necessarily imply the invalidity of his sentence.  Heck, 512 U.S. at 486-487.  Further, a prisoner's section 1983 challenge to disciplinary hearing procedures is barred if a judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits.  Edwards, 520 U.S. at 646.  Here, a decision in Plaintiff's favor would necessarily imply the invalidity of his guilty findings and the loss of credits, and would necessarily affect his release date.  Accordingly, Plaintiff may not pursue his claims challenging the disciplinary violation in the action, and the instant complaint must be dismissed without prejudice.

#### B.    Leave to Amend Should be Denied

If a complaint is dismissed, a pro se litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).  Nevertheless, "[u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  If amendment would be futile, the Court may exercise its discretion and deny leave to amend.  Id.  Because it is clear that this action is barred by Heck and the deficiencies are incurable, leave to amend would be futile.

3

## IV.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that the instant complaint is dismissed without prejudice for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated: __September 19, 2013__    _____
UNITED STATES MAGISTRATE JUDGE